# Court of Appeals
# of the State of Georgia

ATLANTA,  July 09, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2248. WESLEY ROBERT SNYDER v. THE STATE.**

Wesley Robert Snyder was charged with two counts of family violence aggravated assault ("Count One" and "Count Two"), false imprisonment ("Count Three"), terroristic threats ("Count Four"), family violence battery ("Count Five"), family violence simple battery ("Count Six"), and hindering an emergency telephone call ("Count Seven"). Snyder agreed to plead as guilty as a first offender to the lesser-included offense of family violence battery on Count One, to Count Four, and to Count Six in exchange for the State nolle prossing the remaining counts. The trial court's written first-offender probationary sentence reflects this agreement except in one important respect: it does not contain a disposition as to Count Seven. The court subsequently entered an adjudication of guilt and imposition of sentence based on its finding that Snyder violated his probation, and Snyder filed this direct appeal. We lack jurisdiction because, regardless of whether the discretionary appeal procedure applies to this case,[1] the record does not contain any disposition as to Count Seven.

Under OCGA § 5-6-34(a)(1)(B), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court

---

[1] "Effective May 14, 2025, the legislature amended OCGA § 5-6-35(a), adding a new subsection (5.3), which requires 'direct appeals from guilty pleas' to be initiated by filing an application for discretionary review." *Hester v. State*, 378 Ga. App. 121, 121 (924 SE2d 457) (2025) (punctuation omitted).

below[.]"[2] Thus, a criminal case generally remains pending until the trial court enters a written disposition as to each count. *Keller v. State*, 275 Ga. 680, 680–81 (571 SE2d 806) (2002). Here, "[a]bsent a final disposition indicating the nolle prosequi of [Count Seven] and a sentence that reflects that nolle prosequi, this case remains pending in the trial court." See *Martin v. State*, 358 Ga. App. 291, 293 (855 SE2d 42) (2021). Under these circumstances, Snyder was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal. See OCGA § 5-6-34(b). His failure to do so deprives this Court of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/09/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Although OCGA § 5-6-34(a)(1)(A) defines the term "final judgment" to include "an order in a criminal proceeding with a multiple-count indictment or accusation which results in an adjudication of fewer than all of the counts in such indictment or accusation, the remainder of which are ordered dead docketed," the trial court here did not order that any counts be dead docketed.